UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GEORGE E. BRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:13-CV-129 PS |
| vs. | ) |
| | ) |
| DAVID LAIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

George E. Bray, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 4.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, a complaint must contain enough to state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Bray alleges that he has been housed under inhumane conditions at the Porter County Jail since his arrival in June 2011. To summarize the detailed complaint, Bray claims there is a constant sewer gas smell; infestation of ants, gnats, and spiders which get into his food and bite him while he is sleeping; significant overcrowding, which has caused him to sleep on

the floor during much of his time at the jail; inadequate bedding, including a mattress that is less than one inch thick; "black furry mold" that covers many of the walls; a lack of sanitation, including the failure to quarantine detainees with serious contagious diseases, which caused him to be housed with an inmate suffering from tuberculosis; an inadequate amount of food; and unsanitary food trays containing mold and soap residue, which have caused him diarrhea. He further alleges that he has been denied proper treatment for a chronic ear infection he has had since October 2012. Finally, he alleges that jail staff have denied him access to religious books that were sent to him by publishers, churches, and prison ministries.

Because Bray is a pretrial detainee, the Fourteenth rather than the Eighth Amendment applies to his conditions of confinement claim. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*.  In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, Bray alleges that during his two years at the jail, he has been subjected to substandard conditions, including inadequate sanitation, inadequate food, inadequate bedding, and insect infestation. As a result of these conditions, he claims to have suffered headaches, nausea, loss of appetite, dizziness, back problems, stomach ailments, insect bites, rashes, eye irritations, and a significant amount of emotional distress. Giving him the inferences to which he is entitled at this stage, he satisfies the objective prong of the inquiry. With respect to the subjective prong, the complaint can be plausibly read to allege that he complained about these issues several times to Diane Patrick, Tom Baker, Captain Robert Taylor, Warden John Widup, and Sheriff David Lain, but they have done nothing to remedy these issues, other than to paint over some of the mold. Giving him the inferences to which he is entitled, he has stated enough to proceed against these defendants.

Inmates are also entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component

by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Bray complains that he has been suffering from a painful ear infection for nearly 10 months, which has not gone away despite several courses of antibiotics. He is concerned that he may have a more serious medical problem. He claims that he has complained repeatedly to the jail doctor, Dr. Nadir Al-Shami, and the jail medical director, Michelle Harris, but his complaints were ignored or he was given the same treatment that had already proved ineffective. Taking his allegations as true, he has alleged a plausible deliberate indifference claim against these defendants.

Finally, regarding his religious books, prisoners enjoy a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). Giving the complaint liberal construction, Bray asserts that he needs the books in order to practice his religion, and that

4

Captain Taylor intercepted the books for no legitimate reason. He further alleges that Warden Widup and Sheriff Lain have ignored his complaints about this issue and have refused to offer any reason why he cannot have the books. Taking his allegations as true, he has stated enough to proceed past the pleading stage on this claim.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on a Fourteenth Amendment claim against David Lain, John Widup, Robert Taylor, Diane Patrick, and Tom Baker for compensatory and punitive damages and injunctive relief for housing him under substandard conditions;

(2) **GRANTS** the plaintiff leave to proceed on a Fourteenth Amendment claim against Michelle Harris and Dr. Nadir Al-Shami for compensatory and punitive damages and injunctive relief for denying him adequate medical care;

(3) **GRANTS** the plaintiff leave to proceed on a First Amendment claim against David Lain, John Widup, and Robert Taylor for compensatory and punitive damages and injunctive relief for denying him religious books;

(4) **DISMISSES** any and all other claims contained in the complaint;

(5) **DIRECTS** the United States Marshals Service to effect service of process on David Lain, John Widup, Robert Taylor, Diane Patrick, Tom Baker, Michelle Harris, and Dr. Nadir Al-Shami; and

(6) **ORDERS** that David Lain, John Widup, Robert Taylor, Diane Patrick, Tom Baker, Michelle Harris, and Dr. Nadir Al-Shami respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: July 12, 2013

                                                      s/ Philip P. Simon  
                                                      PHILIP P. SIMON, CHIEF JUDGE  
                                                      UNITED STATES DISTRICT COURT