UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GEORGE E. BRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 2:13-CV-129 PS |
| vs. ) | |
| ) | |
| DAVID LAIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

George E. Bray, a *pro se* prisoner, challenges the conditions of his confinement at the Porter County Jail. (DE 8.) Defendants Michelle Harris, David Lain, Diane Patrick, Robert Taylor, and Jon Widup move for summary judgment on the ground that Bray did not properly exhaust his administrative remedies before filing suit. (DE 97.) Defendant Tom Baker filed a separate motion raising the same argument. (DE 99.) For the reasons stated below, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Id.* To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). Nevertheless, a party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, Bray was given proper notice of the motions by the defendants. (DE 96, 101.) I granted him until July 7, 2014, to respond. (DE 109.) That deadline has passed, and no response or objection has been received.[1] Pursuant to N.D. IND. LOCAL RULE 7-1(d)(4), a party's failure to file a response within the time prescribed may subject a motion to summary ruling. However, "[s]trict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* I still must "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such

---

[1] Mail sent to Bray by the clerk was returned as undeliverable, and it appears he may no longer be in custody at the jail. (DE 110, 111.) He has not provided the clerk with an updated address, despite being advised of his obligation to do so when he filed his complaint. (*See* DE 4 at 15.)

2

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *See Jones v. Bock,* 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit takes a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. An inmate must fully exhaust before bringing his lawsuit, and efforts to exhaust while the case is pending do not satisfy 42 U.S.C. § 1997e(a). *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) *overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001).

In his amended complaint, Bray raises a host of allegations about the conditions of his confinement at the jail beginning in June 2011. (DE 4.) I granted him leave to proceed on claims pertaining to constant sewer gas smells, infestation of insects, overcrowding, inadequate bedding, mold, a lack of sanitation, inadequate food, and unsanitary food trays. He was also granted leave to proceed on claims that he was denied proper medical treatment for an ear infection, and that jail staff improperly confiscated some of his religious materials. (DE 8.)

3

At all relevant times, a grievance process has been in place at the jail under which inmates can grieve a broad range of issues, including their medical care, food, living conditions, the actions of staff, and jail policies. (DE 98-5, Gaydos Aff. ¶ 5 & Ex. 2, Standard Operating Procedure 02-05(I)(B) ("Grievance Policy").) Under the policy, the first step is for an inmate to try to informally resolve his complaint by speaking with a member of the jail staff. (DE 98-5, Gaydos Aff. ¶ 5.) The next step is a formal grievance, which must be filed within 7 days of the event or issue about which he is complaining. (*Id.*) Thereafter, the inmate has two levels of appeal available. (*Id.* ¶¶ 6-7.) The first level of appeal is to the shift supervisor, and must be filed within 7 days of the grievance response. (*Id.* ¶ 7.) The final level of appeal is to the jail commander, and must be filed within 7 days of the first-level appeal response. (*Id.*)

All new detainees are made aware of the jail grievance process through an orientation video. (*Id.* ¶ 11.) They are also given a personal copy of an inmate guide which contains information about jail procedures, including the grievance process. (*Id.* & Ex. 4, Inmate Guide.) Bray was shown this video on June 19, 2011. (*Id.* ¶ 11.) He signed a form reflecting that he saw the video, was made aware that jail rules and regulations were posted in each pod, and was given an opportunity to ask questions. (*Id.* & Ex. 3 at 3.)

A record is kept of all inmate grievances, and those records show that during his time at the jail, Bray filed grievances about a variety of matters. (*Id.* ¶ 16.) Some of the grievances pertained to matters raised in this lawsuit; others did not. Among other

4

issues, he complained about the medical care he received for his ear, being served cereal for breakfast, his legal mail not being mailed out, being singled out by a jail officer, having to sit on an inmate's bed while playing cards due to overcrowding, being double-billed for medical charges, being too hot, needing more blankets, and wanting his religious materials back. (*Id.* ¶ 16 & Ex. 5, Grievance Log.) There is no record that he filed grievance appeals with respect to any of these issues. (DE 98-5, Gaydos Aff. ¶ 43.)

Based on the above facts, it is apparent that Bray did not fully exhaust his administrative remedies before bringing this lawsuit, since he did not complete either level of appeal.[2] *See Pozo*, 286 F.3d at 1025. Bray has offered no basis for excusing his failure to complete all levels of the grievance process. Accordingly, the case must be dismissed. It is not clear that Bray still has the ability to exhaust at this stage, but because jail staff could allow him to cure his omission, the dismissal will be without prejudice. *Ford*, 362 F.3d at 401.

For the sake of completeness, I note that the memorandum filed by Harris, Lain, Patrick, Taylor, and Widup contains some rather confusing "alternative" language, which could be interpreted as requesting not only summary judgment on exhaustion grounds, but also dismissal for failure to state a claim and/or summary judgment on

---

[2] Bray continued to file grievances after filing this lawsuit, including about matters raised in this case. (DE 98-5, Gaydos Aff. ¶ 18.) However, exhaustion must precede litigation, and efforts to exhaust while the case is pending do not satisfy 42 U.S.C. § 1997e(a). *Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 535. For exhaustion purposes, an inmate is deemed to have "brought" the action on the date when his complaint is tendered for mailing. *Ford*, 362 F.3d at 400. Here, Bray signed and dated his original complaint on April 9, 2013. (DE 1 at 8.) Grievances he filed after that date do not satisfy the exhaustion requirement. Furthermore, there is no record that Bray appealed any of these later-filed grievances either. (DE 98-5, Gaydos Aff. ¶ 43.)

the merits of Bray's medical claim. (DE 98.) These arguments cannot easily be combined in the same motion, given that they involve different legal standards, different evidentiary rules, and different burdens of proof. *See* FED. R. CIV. P. 12(b)(6), (d); FED. R. CIV. P. 56; *Dole*, 438 F.3d at 809; *Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002). Indeed, these distinctions have confused matters here.

In the motion, Harris asserts that she should be dismissed as a defendant because Bray failed to state a plausible claim against her, but her argument actually appears to be based on outside evidence. (*See* DE 98 at 21-22.) She submitted her own affidavit along with Bray's medical records, and argues "there is absolutely no evidence that she was deliberately indifferent in her treatment of the Plaintiff's medical needs." (DE 98 at 22; *see also* DE 98-6, DE 98-7.) That is not the proper standard for a motion to dismiss, nor can I consider her outside evidence in connection with a request for dismissal under FED. R. CIV. P. 12(b)(6). Instead I am limited to consideration of the complaint itself, and must accept the allegations in the complaint as true. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

Accordingly, if Harris is seeking dismissal under RULE 12(b)(6), I conclude that Bray adequately stated a claim against her for the reasons previously articulated in the screening order. (DE 8.) Alternatively, if she is seeking summary judgment on the merits of Bray's medical claim, I decline to reach that argument since the exhaustion

6

issue is dispositive.[3] *Perez,* 182 F.3d at 536 (the court "must not proceed to render a substantive decision until it has first considered § 1997e(a)").

For the reasons set forth above, the defendants' motions for summary judgment (DE 97, 99) are **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED**.

ENTERED: September 05, 2014.   s/Philip P. Simon
                                                                                      Philip P. Simon, Chief Judge
                                                                                      United States District Court

---

[3] I note that the memorandum filed on behalf of Harris, Lain, Patrick, Taylor, and Widup appears to be missing what should have been the last page – page 26. [DE 98.] I do not believe, however, that this omission is of any consequence since it likely contains further argument on the merits, which I do not reach. Also, the omitted page likely included the attorney's signature.  While all motions must be signed under Fed.R.Civ.P. 11, an attorney's ECF user identification and password combination serves as a signature for Rule 11 purposes when, as here, the  motion is filed electronically. *CM/ECF Civil and Criminal User Manual*, § I(C), http://www.innd.uscourts.gov/docs/CMECF/User%20Manual.pdf, (revised Jan.  31, 2014, last accessed Sept. 4, 2014).